Abe MACK, Jr. and Thelma Mack, individually and as representatives of the Estate of Christopher Deon Mack, Abe Mack Iv, Kc E. Jackson, and Christopher Hines, Appellants,

v.

SUZUKI MOTOR CORPORATION, American Suzuki Motor Corporation, General Motors of Canada Limited, Cami Automotive, Inc., and Charlie Thomas Suzuki, Appellees.

No. 01–99–00161–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 18, 1999.

Barry Barnes, Houston, for Appellants.

Sawnie A. McEntire, Danya Blair, John P. Venzke, Houston, for Appellees.

Panel consists of Justices COHEN, NUCHIA, and DUGGAN.[*]

## OPINION

MURRY B. COHEN, Justice.

Appellants appeal the summary judgment granted against them on all claims. We affirm.

### Facts

On June 7, 1993, appellant Abe Mack IV was driving a 1993 Suzuki Sidekick. Appellant swerved, and the vehicle flipped several times. One passenger was killed, and the other three were injured. Appellants then filed a products liability suit against Suzuki and others.

The trial judge set January 15, 1998 as the deadline for appellants' disclosure of written expert reports. Appellants timely designated their experts and provided a report from their liability expert, R. Wade Allen. On March 10, 1998, Allen was deposed.

Appellees moved for summary judgment and set a hearing for October 28, 1998, but shortly before that hearing, on October 16, 1998, appellants sent appellees a "supplemental report" from Allen. Appellees objected that the supplementation contained new theories of defect and new opinions on warnings. Appellees moved to strike all of Allen's supplementation as untimely.

On October 22, 1998, in response to appellees' motions for summary judgment, appellants filed Allen's affidavit, reiterating the new opinions and theories included in Allen's supplementation. Appellees timely objected. The trial judge sustained appellees' objections, struck Allen's affidavit, and granted summary judgment on all claims.

### Analysis

In the first point of error, appellant argues the trial judge abused his discretion by striking Allen's affidavit on the basis that it was untimely disclosed.

A trial court has the discretion to control its own docket, including imposing deadlines to exchange expert opinions and imposing sanctions for failure to meet such deadlines. See Tex.R. Civ. P. 166(i). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. Gammill v. Jack Williams Chevrolet, 972 S.W.2d 713, 716 (Tex.1998).

The Agreed Scheduling Order required appellants to disclose their experts and produce written reports by January 15, 1998. Shortly after Allen's deposition, appellants received from appellees three videotapes that were provided on March 20, March 25, and June 16, 1998. Based on these tapes, Allen modified his previously expressed opinions, and appellants supplemented Allen's expert opinion on October 16, 1998.

The trial court's scheduling order allowed supplementation of an expert's opinions after the deadline "upon motion and good cause."[1] Instead of making a motion and showing good cause, appellants appeared at a pre-trial conference on October 9, seven days before sending Allen's new report to appellees, and announced "ready" for trial. Appellants did not seek a continuance of the summary judgment hearing and did not seek leave to modify

---

[*] The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The Order provided "No expert will be allowed to provide opinion testimony not reasonably disclosed by written report and deposition as set forth hereinabove, except upon motion and good cause."

Allen's earlier opinions. Consequently, we hold the judge did not abuse his discretion by striking the affidavit as untimely.

We overrule the first point of error.

In the second and third points of error, appellants attack the ruling striking Allen's affidavit for various other reasons. Having concluded above that the judge acted within his discretion by striking the affidavit as untimely, we need not reach those points.

We affirm the judgment.