Pauline **JOHNSON** and Husband, **Hubert Johnson, Appellants,**

v.

Charles O. **FUSELIER,** **D.P.M., Appellee.**

No. 06–01–00002–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 3, 2002.

Decided July 31, 2002.

M. Mark Lesher, Monty G. Murry, Lesher & Murry, Texarkana, for appellant.

Jeffery C. Lewis, Atchely, Russell, Waldrop & Hlavinka, LLP, Texarkana, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

* William J. Cornelius, Chief Justice, Retired,     Sitting by Assignment

## OPINION

Opinion by Justice GRANT.

Pauline and Hubert Johnson appeal from a summary judgment rendered against them in their medical malpractice lawsuit against Charles O. Fuselier, D.P.M. In the summary judgment, the trial court took two actions: (1) granting Defendant's Motion for Summary Judgment, and (2) striking the Johnsons' Second Amended Original Petition, their Response to the Motion for Summary Judgment, and the affidavit of Dr. James Naples attached to that motion. In this appeal, the Johnsons contend only that the trial court abused its discretion in striking their Response to the Motion for Summary Judgment, not in striking the petition.

The Johnsons sued Dr. Fuselier contending he had incompetently performed surgeries on Pauline Johnson's feet and also contending his course of treatment of her after the surgeries was negligent. On October 13, 2000, Dr. Fuselier filed a Motion for Summary Judgment contending that limitations had run since the date of the last surgery. On November 22, 2000, five days before the date set for the hearing on the motion, the Johnsons filed an amended petition and response in which Dr. Naples stated that Pauline Johnson had sustained irreversible damage to both feet due to poor surgical care and substandard follow-up treatment, which did not end until Pauline Johnson's last office visit with Dr. Fuselier on July 16, 1996, a date that would have been within limitations. At the hearing, Dr. Fuselier filed a Motion to Strike the documents and the affidavit, contending they set out new opinions that had not been properly provided through the discovery process. The motion was granted.

The Johnsons contend the trial court abused its discretion by striking their response and affidavit, and by granting Dr. Fuselier's Motion for Summary Judgment. The sequence of events shown by the record is as follows:

| | |
|---|---|
| April 4, 1995 | Dr. Fuselier's last surgery on Pauline Johnson. |
| June 5, 1998 | Dr. Naples prepared report in which he stated the surgery was negligently performed. |
| July 6, 1998 | Lawsuit filed. |
| April 6, 2000 | The Johnsons answered discovery (Order to compel). |
| April 10, 2000 | First Amended Original Petition filed. |
| Sept. 19, 2000 | Counsel for Dr. Fuselier informed the Johnsons Dr. Naples's original report only applied to matters barred by limitations. |
| Oct. 13, 2000 | Dr. Fuselier's Motion for Summary Judgment filed. |
| Nov. 22, 2000 | The Johnsons filed Second Amended Original Petition and summary judgment response with Dr. Naples's affidavit. |
| Nov. 27, 2000 | Dr. Fuselier's Motion to Strike filed. |
| Nov. 27, 2000 | Hearing held, Motion to Strike granted, and summary judgment granted dismissing the suit. |

Trial had been set for the week of December 18.

Dr. Fuselier contends in his Motion for Summary Judgment that the lawsuit and the statutorily required report were predicated on allegations of injuries caused by the surgeries and contained no complaint about post-surgery care. Dr. Fuselier also takes the position that the Johnsons raised allegations of post-operative negligence and "fraudulent misrepresentation" for the first time in their Second Amended Original Petition. This statement is partially correct. The First Amended Original Petition does contain allegations that Dr. Fuselier failed to properly follow up after the operations, but does not contain any allegations that he committed fraud.

Dr. Fuselier relies on the failure in the expert report to provide any information to support a claim that post-operative care was inadequate. He argues that the expert's original report focuses on negligence in the operation and that the trial court acted within its discretion in striking the documents and affidavit because the Johnsons failed to properly and timely supplement discovery responses and provide information about the claimed negligence in follow-up procedures, as required by TEX.R. CIV. P. 193.5(b).

The Johnsons contend the trial court abused its discretion by striking their Response to the Motion for Summary Judgment and the attached affidavit because the alleged "new information" was not new, but had previously been set out in the original expert's report. Dr. Fuselier's Motion to Strike asked the trial court to strike the response and affidavit as a discovery sanction. The trial court granted the Motion to Strike and then granted the summary judgment.

Counsel was made fully aware, by letter, of the impending limitations problem on September 19, 2000, well before Dr. Fuselier filed his Motion for Summary Judgment on October 13. The Johnsons did not, however, make any attempt to address this issue until they filed their Second Amended Original Petition and their Response to the Motion for Summary Judg-

ment with attached affidavit on November 22, 2000.[1]

After conducting a hearing, the trial court struck the Response and second affidavit without explanation. Dr. Fuselier's motion sought the relief based on allegations of discovery violations. Specifically, he pointed out to the trial court that the lawsuit had been pending for two years, that no course of treatment theories had surfaced before, and that the Johnsons had not provided any supplemental disclosure to their answers to discovery concerning any post-operative allegations. Dr. Fuselier then pointed out that sixty-nine days had elapsed since the Johnsons had received Dr. Fuselier's counsel's letter setting out the limitations problem and that not only had they not supplemented discovery, they had not attempted to take any other action until the filing of the contested documents on November 22—a date only five days before the summary judgment hearing date and less than thirty days before the trial date.

Although the docket reflects a hearing was conducted, we have no record of that hearing. Further, our docketing certificate affirmatively shows no attempt was made to obtain a record from that hearing.

We review the trial court's imposition of discovery sanctions under an abuse of discretion standard. *Smithson v. Cessna*

---

1. That date is only five days before the date set for the hearing on the Motion for Summary Judgment. TEX.R. CIV. P. 166a(c) requires the response to a motion for summary judgment to be filed and served no later than seven days before the day of the hearing, unless the court grants leave to make a late filing. The response was not timely filed, the record does not indicate counsel sought permission to make the late filing, and the trial court did not grant permission to late file the response. The Johnsons state in their brief that opposing counsel had agreed to the late filing. That decision is not one properly made by counsel. The rule explicitly states that the time frame may be adjusted and the deadline for filing the response extended "on leave of court." It does not state that an agreement with opposing counsel will suffice. The deadline is not solely for the benefit of the opposing party. It is also designed to provide the trial court with time to review the response, and we do not find that acquiescence of opposing counsel is sufficient to meet the requirements of the rule. However, Dr. Fuselier's counsel has stated explicitly that because of their agreement, he will not pursue that matter on appeal.

*Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex. 1984).

Although the Texas Supreme Court has held that a trial court has discretion to impose discovery sanctions pursuant to former TEX.R. CIV. P. 215 (Vernon 1997) when a party fails to supplement its answers to the discovery requests, the cases in which the court permitted such sanctions were determined in connection with trial—not summary judgments. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992); *Newsom v. State*, 922 S.W.2d 274, 280 (Tex.App.-Austin 1996, no writ). The question now before this court is whether the application of these rules in tandem is different because of the amendments made to the rules.

Dr. Fuselier directs the court to TEX.R. CIV. P. 193.6, which provides for the effect on trial of a party's failure to timely respond.[2] It reads in part: "A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified," unless the court finds good cause for the failure or that the failure will not unfairly surprise or prejudice the other side.

The summary judgment rule, TEX.R. CIV. P. 166a(f), provides that summary judgment proof must contain facts that would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. Applying these two rules in combination, then, if the evidence provided as summary judgment proof will not be admissible at trial due to sanctions imposed under Rule 193.6, that evidence cannot be proper summary judgment proof. It is arguable that as a result of this application of the two rules in tandem, Rule 193.6 provides for the striking of summary judgment proof in certain circumstances.

In reviewing the rules governing discovery as they existed before the 1997 rewriting of the discovery rules, Texas courts consistently held that Rule 166b did not apply to summary judgment proceedings with respect to the duty to supplement discovery. *Ezrailson v. Rohrich*, 65 S.W.3d 373, 378–79 (Tex.App.-Beaumont 2002, no pet); *Williams v. Huber*, 964 S.W.2d 84, 88 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *Stoll v. Rothchild*, 763 S.W.2d 437, 441 (Tex.App.-Houston

---

2.  The entire rule reads as follows:

   **193.6. Failing to Timely Respond—Effect on Trial**

   (a) *Exclusion of Evidence and Exceptions.* A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

   (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

   (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

   (b) *Burden of Establishing Exception.* The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

   (c) *Continuance.* Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response.

[14th Dist.] 1988, writ denied); *see Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 939 (Tex.App.-El Paso 1994, no writ); *Huddleston v. Maurry,* 841 S.W.2d 24, 28 (Tex. App.-Dallas 1992, writ dism'd w.o.j.); *Diaz v. Rankin,* 777 S.W.2d 496, 501 (Tex.App.-Corpus Christi 1989, no writ). The reasons for refusing to apply those rules were first articulated in *Gandara v. Novasad,* 752 S.W.2d 740, 742 (Tex.App.-Corpus Christi 1988, no writ). The Corpus Christi court stated that the rules of discovery were not applicable to summary judgments because the summary judgment rule provided a comprehensive framework for summary judgment proceedings. The court correctly noted that parties might not even attempt to use the witnesses who supplied affidavits for summary judgment proceedings at the trial of the case and reasoned that because Rule 166a required the affidavits to be provided within a particular time frame before the summary judgment hearing, the generic trial rules would not apply.

The court in *Ersek v. Davis & Davis, P.C.,* 69 S.W.3d 268 (Tex.App.-Austin 2002, pet. denied), decided to the contrary. The court found that Rule 193.6(a) applied to a summary judgment when a party failed to timely designate an expert witness and the deadline for doing so had expired before the summary judgment proceeding. This holding constituted a change in the application of those rules. The court did not address the "comprehensive scheme" concept. Instead, it decided that the critical question was whether a court could now determine a "date certain" and thus know with certainty whether particular evidence would be admissible at trial. The court reasoned that as a result of changes in the discovery rules, Tex.R. Civ. P. 195.2 now provides a date certain for designating expert witnesses instead of using the date of trial as the reference point. *Id.* Because the final date for discovery (and thus the admissibility of the evidence) in that context can now be established (without reference to a trial date), the appellate court reasoned it could now decide whether the evidence would be admissible at trial and thus whether it could be proper summary judgment proof.

In *Ersek,* the plaintiff did not timely designate his expert and then did not establish that an exception to the requirement applied in his case. The evidence was therefore inadmissible at trial. The court concluded that because the evidence was inadmissible, it was proper to apply this rule in the context of a summary judgment proceeding.

We do not agree with the holding in *Ersek.* That court did not state any compelling reason to change the law, and the mere fact that it could not determine whether the evidence would ultimately be admissible at trial should not control the immediate question of whether it could be used as summary judgment evidence if the evidence was provided in compliance with the summary judgment rules.

■ In the present case, we address the application of Tex.R. Civ. P. 193.5 and 193.6. Rule 193.5 provides a party must supplement a discovery response reasonably promptly after the party discovers the necessity for such a response and provides a presumption that an amended or supplemental response filed less than thirty days before trial was not made reasonably promptly. Rule 193.6 states that if the supplementation is untimely and good cause is not shown, the evidence may not be admitted at trial. Because the promptness of the discovery response is determined in relation to the trial date, it is not possible at the time of the summary judgment proceeding to determine whether the evidence was timely, and thus admissible, at trial.

■ Thus, even if we chose to apply the reasoning of *Ersek* to these facts, the result would not be different because we cannot with any degree of certainty determine whether the evidence would ultimately have been admissible at trial—because we do not know when that trial would have taken place. The mere setting of a date for trial does not provide the necessary "date certain" by which we can determine whether the evidence would have been admissible at trial.[3]

■ We therefore conclude the trial court abused its discretion by striking the response and the affidavit.[4]

■ The remaining question is whether the error requires reversal. To obtain a reversal, an appellant must show that the trial court committed error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(1); *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.1992). In order to answer that question, we will review the summary judgment Response and affidavit and determine whether the failure to consider that evidence was reasonably calculated to cause and probably did cause the trial court to render an improper judgment. The motion was not a no-evidence motion; thus, we review the judgment applying traditional summary judgment standards. To prevail on a motion for summary judg-ment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c).

■ If, in response to the motion for summary judgment, the nonmovant timely amends his petition to add new causes of action, the movant is required to amend the motion to negate the newly pleaded theories. *Jones v. Ray Ins. Agency*, 59 S.W.3d 739 (Tex.App.-Corpus Christi 2001, no pet.); *Rose v. Kober Fin. Corp.*, 874 S.W.2d 358, 361–62 (Tex.App.-Houston [14th Dist.] 1994, no writ). In this case, however, the amended petition was not timely filed and was struck. Thus, we are left solely with the allegations raised in the earlier pleading, which allege only that Dr. Fuselier was negligent because he failed "to properly follow up Plaintiff after the operations" and "failed to refer Plaintiff to a specialist." This attempts to raise a negligent course of treatment claim.

That type of allegation is controlled by TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2002). The limitations aspect of the statute states that this type of claim applies only if "the patient's injury occurs during a course of treatment for a particular condition *and* the only readily ascertainable date is the last day of treatment." *Shah v. Moss*, 67 S.W.3d 836, 845

---

3. When, as in this case, the record presented to us does not contain a transcript of what transpired at the hearing about which the appellant complains, we cannot and should not speculate as to the reasons why a trial court made a certain decision. *Johnson v. Randall's Food Mkts., Inc.*, 869 S.W.2d 390, 394 (Tex.App.-Houston [1st Dist.] 1993), *rev'd on other grounds*, 891 S.W.2d 640 (Tex.1995); *see Glenn v. Kinco Crane, Inc.*, 836 S.W.2d 646, 648 (Tex.App.-Houston [1st Dist.] 1992, no writ). However, if the trial court had no authority to make a particular ruling, the reasons for its act are irrelevant.

4. We are aware a trial court cannot abuse its discretion if it reaches the right result, even for the wrong reason. *See In re Acevedo*, 956 S.W.2d 770, 775 (Tex.App.-San Antonio 1997, no pet.); *Hawthorne v. Guenther*, 917 S.W.2d 924, 931 (Tex.App.-Beaumont 1996, writ denied); *Luxenberg v. Marshall*, 835 S.W.2d 136, 141–42 (Tex.App.-Dallas 1992, orig. proceeding). However, we decline to reach the question concerning the late filing, which would have justified a refusal to consider both documents, for the reasons stated previously.

(Tex.2001); *Kimball v. Bros.*, 741 S.W.2d 370, 372 (Tex.1987). In *Shah*, the plaintiff alleged both negligent eye surgery and negligent follow-up treatment. Because the date for the eye surgery was known, the court held limitations began to run for the surgery on the date of the surgery, not the later date on which the follow-up treatments ended. *Shah*, 67 S.W.3d at 845.

The court also reiterated its prior holdings that "even if a standard of care requires an ongoing duty to monitor, we do not apply the course-of-treatment limitations provision if we can ascertain the tort date." *Id.*

 In this case, the only type of injury specified by the initial expert affidavit, which was prepared on June 5, 1998, occurred during the surgeries. The date of the last surgery is ascertainable, and because it is ascertainable, limitations for negligence relating to the surgery must begin on that date.[5] *Shah*, 67 S.W.3d at 847; *Earle v. Ratliff*, 998 S.W.2d 882, 887 (Tex.1999). The affidavit which was struck added statements by the expert that Dr. Fuselier's treatment for post-operative pain was negligent because it only masked the symptoms of Pauline Johnson's continuing problems. Even those statements, however, were premised on the expert's conclusion the surgeries were incompetently performed, and the surgeries remained the focus of the allegation of actionable injury.[6]

In the complete absence of any evidence within the summary judgment proof to show that some type of legally cognizable course-of-treatment claim existed that would change the operative date for limitations to a later time, we conclude the trial court's error in striking the second affidavit was neither reasonably calculated to cause, nor did it probably cause, the rendition of an improper judgment.

The judgment is affirmed.

---

5. There is also no allegation or proof to bring this lawsuit within the fraudulent concealment exception.

6. It appears two surgeries were performed: in July 1994 and February 1995.