**Dorothy Ann BRAY, Appellant,**

v.

**Charles O. FUSELIER, D.P.M., Appellee.**

No. 06–02–00070–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 16, 2003.

Decided May 14, 2003.

Opinion Overruling Rehearing June 9, 2003.

John S. Ament, Jacksonville, for appellant.

Jeffery C. Lewis, Atchley, Russell, Waldrop & Hlavinka, LLP, Texarkana, for appellee.

Before ROSS, CARTER, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice ROSS.

Dorothy Ann Bray sued Charles O. Fuselier, D.P.M., for medical malpractice. The trial court granted summary judgment for Fuselier. Bray appeals, alleging: (1) the trial court erred in considering Fuselier's motion as a no-evidence motion

for summary judgment; and (2) there was sufficient evidence in the record to raise at least a fact question concerning the elements of Bray's cause of action.

Bray sued Fuselier for negligence after he removed the nail of her right big toe. In her petition, Bray contended Fuselier (1) negligently removed her right hallux toenail; (2) negligently rendered post-surgical care by failing to recognize and/or treat an infectious process that proximately caused osteomyelitis, an infection in the bone; and (3) negligently failed to refer her to a competent healthcare provider. Two years after Bray filed her original petition, Fuselier filed what he considered a no-evidence motion for summary judgment. In this motion, he contended the existence of osteomyelitis was the sole foundation of Bray's claims against him. He attached excerpts of Bray's discovery responses and a letter from Bray's expert, James J. Naples, D.P.M., to his motion for summary judgment "for the limited purpose of evidencing Plaintiff's contentions." Bray contends that attaching these documents to the motion transformed the no-evidence motion into a traditional motion for summary judgment.

After adequate time for discovery, a party may move for summary judgment, without presenting summary judgment evidence, on the ground there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). According to Fuselier, Bray had presented no evidence she had osteomyelitis.

Fuselier's motion was entitled "Defendant's 'No Evidence' Motion for Summary Judgment," and also stated, "This is a 'no-evidence' motion for summary judgment governed by Rule 166a(i)." Fuselier con-

* William J. Cornelius, C.J., Retired, Sitting by Assignment.

tended in his motion that, although Bray's petition alleged he (1) negligently removed her right hallux toenail, (2) negligently rendered post-surgical care by failing to recognize and treat an infectious process that proximately caused osteomyelitis, and (3) negligently failed to refer her to a competent healthcare provider, Bray had clarified through discovery responses that the sole foundation of her claims against Fuselier was the existence of osteomyelitis. Fuselier then attached to his motion excerpts from Bray's discovery responses "for the limited purpose of evidencing Plaintiff's contentions."

Bray contends these attachments caused Fuselier's motion to no longer qualify as a no-evidence motion for summary judgment. Bray argues that a no-evidence summary judgment motion should be made without presenting evidence to support the motion. We agree, but the attachments in this case were used only for clarification purposes, not as summary judgment evidence. Fuselier was careful to point out the limited purpose of the attachments. Moreover, he clearly labeled the motion as a no-evidence motion and referenced Rule 166a(i) within the motion. Because Fuselier's intent was evidenced within the motion and the attachments were for clarification of Bray's contentions only, we find that his motion was a no-evidence motion for summary judgment. Bray's first point of error is overruled.

Bray contends in her second point of error the trial court erred in granting Fuselier's no-evidence motion for summary judgment because there was enough evidence in the record to raise at least a fact question that all elements of her cause of action were supported by competent evidence. When a party moves for a no-evidence summary judgment, that party does not bear the burden of establishing each element of its own claim or

defense. *Trusty v. Strayhorn,* 87 S.W.3d 756, 759 (Tex.App.-Texarkana 2002, no pet.). Instead, the nonmoving party must present evidence that raises a genuine fact issue on the challenged elements of the claims on which the nonmovant would have the burden of proof at trial. *See id.* When we review a no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded persons to differ in their conclusions. *Id.*

To prove the existence of osteomyelitis, Bray offered her medical records, an expert report and various affidavits from Naples, who, in addition to being her expert in this case, was also Bray's treating podiatrist after she terminated her relationship with Fuselier. Fuselier objected to Naples' report on two grounds: (1) it is hearsay, and (2) it is an Article 4590i report which, under that article, is inadmissible as evidence. Fuselier did not obtain rulings on his objections to the report. Bray then submitted an affidavit from Naples in which he adopted the "observational opinions" of his expert report. Fuselier objected to this affidavit because "observational opinions" was vague and ambiguous, and because Naples' testimony regarding the standard of care was conclusory and lacked a proper foundation; Fuselier also maintained the report remained inadmissible as a 4590i report, despite being "wrapped" in an affidavit. Fuselier again did not obtain rulings on these objections. Bray filed a second affidavit from Naples.

Fuselier then filed a motion to strike Naples' testimony as being unreliable and irrelevant under *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995). Fuselier also pointed out in this motion that the second affidavit from Naples, filed April 3, 2002, did not bear a notary seal.[1] Fuselier again did not obtain rulings from the trial court on his motion to strike or on his objection to the absence of a proper seal. Bray asked the court for leave to correct the notary seal deficiency, and on April 29, 2002, filed an affidavit with the proper seal. The trial court, however, had already granted summary judgment on April 19, 2002.

In granting Fuselier's motion for summary judgment, the trial court stated, "The Court, having heard Defendant's 'No Evidence' Motion for Summary Judgment, is of the opinion the motion is well-taken and should be granted." Fuselier contends the trial court's rulings on his objections to Bray's summary judgment evidence were implicit in the court's granting of summary judgment in his favor. Bray contends all of Fuselier's objections were waived because he failed to obtain rulings from the trial court.

■ Naples stated in his second affidavit, "Radiographic evaluation revealed boney changes consistent with osteomyelitis. Mrs. Bray also underwent CT scans, as well as an MRI, which confirmed the diagnosis of osteomyelitis with positive cultures." Relying on *In re Estate of Loveless*, Fuselier contends this affidavit is incompetent as summary judgment evidence. *See In re Estate of Loveless*, 64 S.W.3d 564, 571 n. 3 (Tex.App.-Texarkana 2001, no pet.). In *Loveless*, we found the affidavits incompetent because they were not signed or notarized. *Id.* In this case, the affidavit was signed by both Naples and the notary, but lacked the notary's seal. The lack of a notary's seal is a defect in form. *See Morphis v. Blanton*, No. 01–84–0114–CV, 1984 Tex.App. LEXIS 6858, at *8–9 (Tex.App.-Houston [1st Dist.] 1984) (not designated for publication).

■ A party who seeks to affirm summary judgment must object to defects in the form of summary judgment affidavits at the trial level. *See Trusty*, 87 S.W.3d at 763. Moreover, the objecting party must obtain a ruling on his or her objections. *Id.* If no ruling is obtained, the objecting party cannot rely on the defect in form for affirming summary judgment. *See id.* at 764. Because Fuselier did not obtain a ruling on his objection, he cannot rely on the defect in form found in Naples' second affidavit for affirming summary judgment.

Even so, Fuselier contends "this appeal presents more than mere objections to summary judgment proof ... [because] Dr. Fuselier lodged a separate *Robinson* challenge to the reliability and relevancy of Naples' testimony." According to Fuselier, *Weiss v. Mechanical Associated Services* is directly on point with respect to an implicit ruling on a *Robinson* challenge. *See Weiss v. Mech. Associated Servs.*, 989 S.W.2d 120 (Tex.App.-San Antonio 1999, pet. denied). In *Weiss*, the plaintiff sued various defendants for negligent acts she contended caused the circulation of glutaraldehyde inside her workplace, proximately causing her health-related injuries. *Id.* The defendants filed a no-evidence motion for summary judgment, stating that there was no evidence glutaraldehyde was present in the building, that Weiss was exposed to glutaraldehyde, or that Weiss'

---

1. Fuselier objected to our consideration of this affidavit because it was attached to Bray's brief and was not included in the original clerk's record. This Court requested and obtained the affidavit in a supplemental clerk's record. *See* Tex.R.App. P. 34.5(c)(1), (3).

illness was caused by glutaraldehyde. The defendants also maintained that, in the absence of data or other evidence of glutaraldehyde emission and exposure, any expert testimony regarding causation would be "no evidence." *Id.* The plaintiff contended on appeal the defendants did not preserve their *Robinson* challenge because they failed to request a *Robinson* hearing and secure a formal *Robinson* ruling from the trial court. *Id.* at 124 n. 6. However, the San Antonio court stated in a footnote:

> Weiss's contentions are without merit because she carried the burden to bring forward competent evidence. Furthermore, she was notified of the defendants' intent to challenge the scientific reliability of her evidence when she was served with their motions for summary judgment. Finally, the trial court's order is, in effect, a ruling on the defendants' *Robinson* challenge.

*Id.*

 Fuselier urges this Court to follow the San Antonio court and find the trial court's granting of summary judgment to be an implicit ruling on his *Robinson* challenge. Fuselier, however, made numerous other objections to Bray's summary judgment evidence. It could be argued that the court's granting of summary judgment was an implicit ruling on any one of these other objections. Considering these other objections for which no ruling was obtained, we cannot say the court's granting of summary judgment was an implicit ruling on Fuselier's *Robinson* challenge. Nonetheless, we will consider Fuselier's contentions, because whether Naples is qualified as an expert in the case goes to the substance of the affidavit. *See Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 324 (Tex.App.-Waco 2000, pet. denied).

Fuselier contends Naples' testimony was unreliable and irrelevant. He points out that Naples is a competing podiatrist. He also contends Naples holds highly subjective opinions about Fuselier, ones formed solely for the purpose of testifying, rather than being based on documented evidence. Fuselier also points out we have excluded Naples' testimony against Fuselier in the past. *See Johnson v. Fuselier*, 83 S.W.3d 892 (Tex.App.-Texarkana 2002, no pet.); *Buls v. Fuselier*, 55 S.W.3d 204 (Tex.App.-Texarkana 2001, no pet.).

Fuselier does not question Naples' qualifications as an expert, but contends Naples' opinions are unreliable and irrelevant because of Naples' methodology in creating those opinions. Fuselier asserts Naples "opts to form his opinions against Dr. Fuselier solely for the purpose of testifying rather than basing them on documented evidence." To prove this point, Fuselier directs our attention to Bray's discharge summary, written by Naples, which Fuselier contends contradicts what Naples later said in his affidavits and expert report.

The discharge summary read, "Radiographs did demonstrate possible osteomyelitis to the distal phalanx of her right hallux." Naples' expert report stated, "Radiographic evaluation revealed boney changes, consistent with osteomyelitis. She also had CT scans, as well as an MRI, which confirmed the diagnosis of osteomyelitis with positive cultures." Naples' second affidavit stated, "Radiographic evaluation revealed boney changes consistent with osteomyelitis. Mrs. Bray also underwent CT scans, as well as an MRI, which confirmed the diagnosis of osteomyelitis with positive cultures."

 Fuselier contends Naples contradicts himself in his "own pre-litigation documentation," just as he did in *Buls*. However, a "possibility of osteomyelitis" is not

inconsistent with the statements later made in Naples' expert report and affidavits. Neither is it the type of inconsistency found in *Buls,* where Naples testified he did not believe Buls had any bunions, even though he had previously reported finding a "moderate bunion deformity." *Buls,* 55 S.W.3d at 209. Despite Fuselier's assertions, we do not find any inconsistencies between Naples' prelitigation documentation and his expert report and affidavits. The record contains no evidence Naples "manufactured" his opinions for litigation purposes; in fact, the record reflects Naples based his opinions on his personal treatment and care for Bray, in addition to the results from a CT scan and an MRI.

Ultimately, this is an appeal from the trial court's order granting Fuselier's no-evidence motion for summary judgment. As stated, when we review a no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. In this case, Naples' second affidavit presented more than a scintilla of probative evidence to raise a genuine issue of material fact regarding the existence of osteomyelitis. The affidavit said CT scans and an MRI "confirmed the diagnosis of osteomyelitis." Accordingly, Bray's second point of error is sustained.

We reverse the judgment and remand this cause to the trial court for further proceedings.

## OPINION ON REHEARING

In a motion for rehearing, Fuselier contends we should have applied an abuse of discretion standard of review when ruling on Fuselier's *Robinson*[2] challenge to Naples' opinion. Fuselier states in his motion, "[i]f, when rendering summary judgment, the trial court concluded Naples' opinion was unreliable and inadmissible, a reversal and remand by this Court requires a determination that the trial court abused its discretion." The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). A review for an abuse of discretion, however, would have required us to conclude the trial court "acted" with respect to Fuselier's *Robinson* challenge. Although Fuselier maintained the trial court implicitly ruled on his *Robinson* challenge, we rejected this argument, saying:

> Fuselier ... made numerous other objections to Bray's summary judgment evidence. It could be argued that the court's granting of summary judgment was an *implicit ruling* on any one of these other objections. Considering these other objections for which no ruling was obtained, we cannot say the court's granting of summary judgment was an *implicit ruling* on Fuselier's *Robinson* challenge.

Because we concluded the trial court did not rule on Fuselier's *Robinson* challenge, we had no act to review for an abuse of discretion. We discussed Naples' qualifications as an expert only because his qualifications went to the substance of the affidavit offered as evidence by Bray.

The motion is overruled.

<hr />

2. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549 (Tex.1995).