Howard Wallace SCOGGINS,
III, Appellant,

v.

BEST INDUSTRIAL UNIFORM
SUPPLY COMPANY,
Appellee.

No. A14–94–00211–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 23, 1995.

Rehearing Overruled May 4, 1995.

Mark Sandridge, for appellant.

Stephen Fox, for appellee.

Before ANDERSON, HUDSON and SEARS *, JJ.

## OPINION

ROSS A. SEARS, Justice (Assigned).

This is an appeal by writ of error. Appellant, Howard Wallace Scoggins, III, seeks review of a default judgment entered in favor of appellee, Best Industrial Uniform Supply Company. In six points of error, appellant contends the trial court erred in entering the default judgment because of defective service of process, failure to plead a cause of action, and failure to prove damages. We grant the writ, reverse the default judgment, and remand the cause to the trial court for further proceedings consistent with this opinion.

Appellant, Howard Wallace Scoggins, III (Scoggins), was the president of Solar Foam Insulation, Inc. (Solar Foam). On July 24, 1991 and October 4, 1991, appellee, Best Industrial Uniform Supply Company (Best) entered into two contracts to lease work uniforms to be used by Solar Foam's employees. Ralph C. Overturf (Overturf), Solar Foam's manager of government contracts, signed the two contracts on Solar Foam's behalf. Solar Foam later moved its operations to Florida, no longer needed uniforms for its employees in the Houston area, and allegedly stopped making lease payments to Best. Best filed suit against Solar Foam for breach of contract seeking $24,543.19 damages in lost principal and profits, plus prejudgment interest, post-judgment interest, attorney's fees, and court costs.

After the suit was filed, Best was told that at trial Solar Foam would deny liability under the contract by having Overturf testify that he did not have authority to sign the contracts. On February 15, 1993, Best filed its first amended petition adding Scoggins and Overturf as defendants and adding a conspiracy cause of action. Best contends that Scoggins and Overturf conspired to defraud Best by agreeing that Overturf would lie and testify that Best had tricked Overturf into signing the two contracts. Best further alleged that Solar Foam was liable for the conspiracy under the doctrine of ostensible or apparent authority. Best alleged the same damages under the conspiracy cause of action as the breach of contract cause of action. In the amended petition, Scoggins and Overturf were also personally sued for the breach of contract.

On June 28, 1993, the trial court signed an order dismissing Best's suit for want of prosecution. Sergeant Russell Bullock, of the Galveston County Constable's office, alleges he served Scoggins with the first amended petition on July 9. Scoggins did not answer the amended petition. On July 23, 1993, Best filed a motion to reinstate the suit alleging it was improperly dismissed because the case was set for trial prior to the dismissal. On September 10, 1993, the trial court signed an order reinstating Best's suit. Then on September 30, 1993, Best filed a motion for default judgment against Scoggins. The same day, the trial court entered a default judgment against Scoggins for $24,543.19 damages, $5,154.07 prejudgment interest, $8,000 attorney's fees, post-judgment interest at the rate of 18 percent, $2,500 attorney's fees if appellant filed a motion for new trial, and $5,000 attorney's fees if appellant filed an appeal in the court of appeals. On December 15, 1993, seventy-five (75) days after the default judgment was signed, Scoggins filed a motion for new trial alleging defective service of process, failure to plead a valid cause of action, no proof of damages, and no allegation or evidence of alter ego or piercing the corporate veil. On December 30, 1993, Best moved for Rule 13 sanctions alleging that the motion for new trial was untimely filed, groundless and frivolous. On January 5, 1994, over three months after the default judgment was signed, the trial court held a hearing on the motion for new trial and the motion for Rule 13 sanctions. The trial court signed an order January 11, denying sanctions and overruling the motion for new trial because it was filed late. Scoggins filed a petition for writ of error in this court on February 9, 1994.

---

* The Honorable Ross A. Sears sitting by assignment.

To obtain review by writ of error, appellant must show the petition was brought within six months of the date of the judgment, that he was a party to the suit and did not participate in the actual trial of the case, and that error is apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); TEX.R.APP.P. 45. It is undisputed that the writ is timely filed and that Scoggins was a party to the lawsuit. Therefore, the remaining issue is whether error is apparent on the face of the record.

■ In his first two points of error, appellant argues the default judgment is void because of defective service of process. Defective service is considered for purpose of writ of error to be "error apparent on the face of the record". *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied). A default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with the statutory requirements. *See, e.g., Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985) (per curiam); *McKanna v. Edgar,* 388 S.W.2d 215, 216 (Tex.1965). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde,* 690 S.W.2d at 885.

In point of error one, appellant contends service was invalid because it occurred *after* the trial court dismissed the lawsuit and *before* it was reinstated. Appellant was alleged to have been served with the first amended petition by Sergeant Russell Bullock of the Galveston County Constable's office on July 9, 1993, eleven days after the trial court signed an order dismissing appellee's suit for want of prosecution.[1] Appellant's suit was not reinstated until September 10, 1993.

■ For service of citations to be valid, the suit must be on file *when the citation is issued.* *McGraw–Hill, Inc. v. Futrell,* 823 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1992, no writ). Until a dismissed suit is reinstated, it is treated as if it was never filed. *Shaw v. Corcoran,* 570 S.W.2d 96, 98 (Tex.Civ.App.—Austin 1978, no writ) (holding a suit's dismissal for want of prosecution has the same effect as if the suit had never been filed). A party cannot serve a citation on a suit before it is filed. *See George v. Elledge,* 261 S.W.2d 201 (Tex.Civ.App.—San Antonio 1953, no writ). Because a suit that is dismissed is treated as if it were never filed, process cannot be served on a dismissed suit until after the suit is reinstated. We hold that citation which is served while a suit is dismissed is not valid, and, if the suit is later reinstated, new service of citation must be obtained. Therefore, error is apparent on the face of the record because the service on appellant was defective.[2]

■ Appellee also contends that appellant cannot complain about defects with the officer's service because appellant had knowledge that he was a party to this suit. Appellee argues that the attorney who represented Solar Foam received the amended petition and knew that Scoggins was a named defendant in this amended petition. However, the attorney had appeared to represent Solar Foam, not appellant. Appellee also contends that appellant, as Solar Foam's president, must have received the first amended petition, knew he was listed as an individual defendant, and cannot rely on procedural defects to defeat service. However, a defendant's "knowledge" of a lawsuit does not place any duty on the defendant to answer absent *service or waiver of citation.* *Webb v. Oberkampf Supply of Lubbock, Inc.,* 831 S.W.2d 61, 65 (Tex.App.—Amarillo 1992, no writ). Any knowledge that appellant may have had of this amended petition did not constitute "service of process". Because appellant was not properly served with process

---

1. The order dismissing the suit was signed on June 28, 1993, but was not filed until July 7, 1993. An order becomes valid on the date it is signed. TEX.R.CIV.P. 306a(1). In either event, the suit was dismissed *before* any alleged service on appellant.

2. Appellant also swore under oath that he never received personal service, and he alleges other defects. However, due to our finding of defective service in point of error one, we need not reach those issues.

of a valid, pending lawsuit, there is error apparent on the face of the record. We sustain appellant's first point of error, and we do not reach the other points of error.

We reverse the trial court's judgment, and remand for proceedings consistent with this opinion.