FRANCIS V. TDCJ-CID

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-258-CV

CURTIS R. FRANCIS APPELLANT

V.

TDCJ-CID, DANNY HORTON, APPELLEES

AND DEBORAH FORD 

------------

FROM THE 30TH DISTRICT COURT OF 
WICHITA COUNTY

------------

OPINION

------------

Appellant Curtis R. Francis, an inmate proceeding pro se and in forma pauperis, challenges the trial court’s order dismissing without prejudice his claims against Appellees 
Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID) and two of its employees, Danny Horton and Deborah Ford.
  Because we hold that the trial court abused its discretion in granting Appellees’ motion to dismiss with regard to Appellant’s claim based on the September 27, 2004 grievance decision, we reverse the trial court’s judgment in part and remand this case for trial as to that claim only.  We affirm the trial court’s judgment as to all of Appellant’s other claims.

I.  Facts and Procedural Background

Appellant sued Appellees, alleging constitutional violations, violations of the Texas Tort Claims Act, and negligence.  He also alleged multiple civil rights violations, including poor conditions of confinement, lack of access to courts as a result of restricted access to law books, and retaliation.  The two employees filed a motion to dismiss, alleging that Appellant’s action was frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code because Appellant failed to comply with the procedural requirements of Section 14.005.
(footnote: 1)  TDCJ-CID filed a motion to dismiss on the same grounds.  The trial court granted both motions, stating that the claims were frivolous for failure to comply with Chapter 14.

Appellant appealed, 
arguing that the trial court abused its discretion in dismissing his case because 1) he provided the court with all relevant information that Section 14.005 requires, 2) he filed his suit within the thirty-one-day statute of limitations period, 3) no Texas intermediate court of appeals has ever dismissed a suit when an inmate exhausted his claim and filed it within the time limitation, and 4) the legislature did not expressly authorize dismissal under subsection 14.005(a)(1).

II.  Standard of Review

A trial court’s dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs is reviewed under the abuse of discretion standard.
(footnote: 2)  
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.
(footnote: 3)  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 4)
 An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence.
(footnote: 5) 
 Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.
(footnote: 6)
III.  Analysis

Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by inmates who file an affidavit or unsworn declaration of inability to pay costs.
(footnote: 7)  Section 14.003(a)(2) provides that a court may dismiss a claim if it finds that the claim is frivolous.
(footnote: 8)  
Section 14.003(b) provides that in determining whether a claim is frivolous, 
the court can consider whether 1) the claim’s realistic chance of ultimate success is slight, 2) the claim has no arguable basis in law or in fact, 3) the party clearly cannot prove facts in support of the claim, or 4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts.
(footnote: 9)  In addition, Section 14.005(a) provides,

(a)   An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.
(footnote: 10)

Such a claim must be filed in the court within thirty-one days of the inmate’s receiving the written decision.
(footnote: 11)
 Appellees’ motions to dismiss alleged that Appellant did not provide the affidavit  or written grievance decisions required by Section 14.005(a) and that the trial court therefore lacked the information required to determine whether Appellant exhausted his administrative remedies.  Appellees also claimed that the trial court did not have enough information to determine whether the suit was filed within thirty-one days of the date Appellant received the final grievance decision.  

Appellant filed several grievances with the Texas Department of Criminal Justice that proceeded through both Step 1 and Step 2 of the established grievance procedure.  One grievance alleged civil rights violations due to conditions of Appellant’s confinement, and two others alleged denial of access to law books. 
 When Appellant filed his original complaint, he also filed copies of the written decisions from Step 1 and Step 2 of these grievances, as required by Section 14.005(a)(2).
(footnote: 12)  However, he did not file an affidavit or unsworn declaration stating the dates that the grievances were filed and the dates that he received the written decisions, as required by Section 14.005(a)(1).
(footnote: 13) 

A. 
 
Timeliness and Substantive Compliance

In his first two subissues, Appellant contends that the trial court abused its discretion because Appellant provided the court with all the relevant information that Section 14.005 requires and because he filed his suit within the thirty-one-day statute of limitations.
  We agree as to the grievance decision signed on September 27, 2004.  

The Step 1 grievance forms themselves show the dates they were received by the TDCJ office, the dates the decisions on the grievances were due, the dates the warden signed his response decisions, and the dates those decisions were allegedly returned to Appellant.  The Step 2 grievance forms show the dates that the unit grievance investigator received the grievances, the dates the headquarters received them, the dates the decisions on the grievances were due, and the dates the program administrator signed each response.  However, the Step 2 forms do not indicate the dates that the written decisions on the grievances were actually received by Appellant.  The Step 2 decision regarding Appellant’s grievance concerning conditions of his confinement was signed on September 23, 2004.  The Step 2 decisions regarding denial of access to law books were signed on September 13, 2004 and September 27, 2004.
  Appellant filed his claim in the trial court on October 27, 2004.  Therefore, the grievance decision signed on September 27, 2004 shows on its face that the thirty-one-day period was necessarily complied with because the decision would clearly have to be made before Appellant could have received it.  Thus, Appellees are incorrect in their assertion that the trial court did not have the information needed to determine whether the suit was filed within the statute of limitations period with regard to this claim
.  

As in our case, the inmate in 
Draughon v. Cockrell
 filed a petition with copies of the grievance forms that he purportedly filed, but he did not file the required affidavit or unsworn declaration.
(footnote: 14)  The trial court dismissed the suit.
(footnote: 15)  Without even discussing whether the information, such as the dates, required to be in the affidavit or unsworn declaration could be located in the grievance forms themselves, the appellate court affirmed, holding that the trial court did not abuse its discretion in dismissing the suit.
(footnote: 16)  Citing 
Draughon, 
the court in 
Lamotte v. Wickersham
 reached a similar result, also without discussing whether the timing requirements were satisfied as shown by the evidence.
(footnote: 17)  In that case, the inmate failed to file the Section 14.005 affidavit and also failed to file an affidavit required by Section 14.004.
(footnote: 18)  The court held the trial court did not abuse its discretion in dismissing the suit.
(footnote: 19)  

In this court’s 
Bishop v. Lawson 
case, the opposite situation occurred when an inmate filed a summary of his grievances but not copies of the decisions themselves.
(footnote: 20)  We held that the trial court did not abuse its discretion in dismissing the inmate’s claim, but we did not discuss
 whether the inmate’s summary contained the information required to be contained in the grievance forms.
(footnote: 21)  

Also citing 
Draughon
, the 
Teague
 
v. Seagroves
 
court reached a similar result.
(footnote: 22)  In that case, like ours, the grievance forms themselves showed the date the Step 2 grievance was denied but did not state the date on which the inmate received the written decision.
(footnote: 23)  Additionally, it was not clear on the face of the grievance decision that the suit had been filed within thirty-one days of the decision.
(footnote: 24)  Similarly, in 
Kelley v. Scott
, the inmate filed a copy of the written decision and an unsworn declaration, but the declaration did not state the date he filed the grievance or the date he received the decision.
(footnote: 25)  The court then looked to the information shown on the written decision, but the date shown on the decision evidenced that it was rendered almost two years before the inmate filed the suit.
(footnote: 26)  Additionally, in 
Doyle v. Lucy
, the appellate court held that the trial court did not abuse its discretion in dismissing an inmate’s suit when the inmate did not file an affidavit or unsworn declaration or the copy of the decision, stating the trial court could have no way of knowing if the inmate had complied with the thirty-one-day period.
(footnote: 27)
 Also, in 
Moore v. Zeller
, the court affirmed the trial court’s dismissal of an inmate’s suit because he did not file copies of the decisions 
and
 because the summary he included did not include the date when he received the written decisions.
(footnote: 28)  However, in our case, 
Appellant did include copies of the written decisions.  Although the written decisions did not provide the dates that Appellant received them, the September 27, 2004 decision on its face demonstrates that Appellant must have complied with the thirty-one-day period.

As stated, many of these 
cases do not even discuss whether the required information, such as the date the inmate received the decision, was shown in the grievances.
(footnote: 29)  In those that do state that the dates are indicated, the dates shown do not necessarily indicate that the thirty-one-day period was complied with.
(footnote: 30) 

Significantly, 

The importance of the dates and copies of grievance decisions is to enable a trial court to determine if an inmate has timely filed a claim pursuant to section 14.005(b) which requires a claim to be filed before the 31st day after the date the inmate receives the written decision.
(footnote: 31) 

In other words, 

[t]hough Section 14.005 does not explicitly so provide, its obvious purpose is to allow the trial court to dismiss a suit when it becomes clear that the inmate has failed to provide the information the statute requires.  Therefore, it is incumbent on the inmate to provide the required information before it comes to the trial court for review.
(footnote: 32) 

In Appellant’s case, with regard to the September 27, 2004 decision, the information required to be in the affidavit appears on the face of the grievance form, and the trial court could have easily determined that he timely filed this claim by reviewing the form.
  Although the court in 
Draughon
 
v. Cockrell
 stated that “the trial court is entitled to use an inmate’s failure to file a Section 14.005 affidavit or unsworn declaration in making its determination under Section 14.003(a),”
(footnote: 33) we believe that such a hypertechnical application of the statute is unnecessary and unjust regarding this particular claim.  The record shows that Appellant must have acted within the time limitations with regard to the September 27, 2004 decision.  Therefore, we hold that the trial court abused its discretion in granting Appellees’ motions to dismiss regarding the claim based on the September 27, 2004 decision.  We sustain Appellant’s first two subissues and do not reach the remaining subissues with regard to this claim only.
(footnote: 34)
 However, it is not clear from the face of the September 13, 2004 decision or the September 23, 2004 decision that Appellant acted within the thirty-one-day period.  Consistent with 
Teague
 and similar cases, we hold that with regard to these decisions, the trial court did not abuse its discretion in dismissing the claims based thereon, as the information required by the affidavit was not present.
(footnote: 35)  We overrule Appellant’s first two subissues with regard to the claims based on these decisions.

B.  Remaining Subissues

In Appellant’s third subissue, Appellant argues that no Texas intermediate court of appeals has ever dismissed a suit in which an inmate exhausted his claim and filed it within the time limitation
.  However, as previously discussed and contrary to Appellant’s assertions, he did not show that he filed the 
September 13, 2004 and September 23, 2004 decisions 
within the time limitation.  In similar situations, 
Teague
 and other cases have dismissed such claims.
(footnote: 36)  We overrule Appellant’s third subissue with regard to the claims based on these decisions
.

In Appellant’s fourth subissue, he argues that the legislature did not expressly authorize dismissal under subsection 14.005(a)(1).
  We agree, but we believe that the legislature 
implicitly 
authorized dismissal in this situation.  In 
Bishop, 
this court
 held that the trial court’s dismissal for an inmate’s failure to comply with subsection 14.005(a)(2), which similarly does not expressly authorize dismissal, was not an abuse of discretion.
(footnote: 37)  Other appellate courts have also affirmed dismissal of cases in similar situations.
(footnote: 38)  We overrule Appellant’s fourth subissue with regard to the claims based on the September 13, 2004 and September 23, 2004 decisions.

IV.  Conclusion

We affirm the trial court’s judgment with regard to the claims based on the September 13, 2004 and September 23, 2004 grievance decisions.  We reverse the trial court’s judgment and remand this case for trial with regard to the claim based on the September 27, 2004 grievance decision.

LEE ANN DAUPHINOT 

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

LIVINGSTON, J. dissents without opinion.

DELIVERED: 
 March 9, 2006

FOOTNOTES
1:
See 
Tex. Civ. Prac. & Rem. Code Ann. §
 14.005 (Vernon 2002).

2:
See, e.g., Barnum v. Munson, Munson, Pierce and Cardwell, P.C., 
998 S.W.2d 284, 286 (Tex. App.—Dallas 1999, pet. denied) (citing 
Hickson v. Moya, 
926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)).

3:
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986). 

4:
Id
.

5:
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978); 
see also Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997).

6:
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).

7:
Tex. Civ. Prac. & Rem. Code Ann. §
 14.002(a).

8:
Id.
 
§ 
14.003(a)(2).

9:
Id.
 
§
 14.003(b).

10:
I
d. 
§
 14.005(a).

11:
I
d
. § 
14.005(b).

12:
See id. 
§
 14.005(a)(2).

13:
See id. 
§ 
14.005(a)(1).

14:
Draughon v. Cockrell, 
112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.).

15:
Id.

16:
Id.

17:
Lamotte v. Wickersham
, No. 10-04-00250-CV, 2005 WL 1
484029, at *2 (Tex. App.—Waco June 22, 2005, no pet.) (mem. op.).

18:
Id.

19:
Id. 
at *3.

20:
Bishop v. Lawson
, 
131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).

21:
Id.

22:
Teague v. Seagroves
, No. 06-03-00146
, 2004 WL 626798, at *1-2 (Tex. App.—Texarkana Mar. 31, 2004, pet. denied) (mem. op.)
.

23:
Id.
 at *1.

24:
Id.
 at *2.

25:
Kelley v. Scott
, No. 14-01-00696-CV, 2003 WL 21229275, at *3 (Tex. App.—Houston [14th Dist.] May 29, 2003, 
no pet.) (mem. op.).

26:
Id.

27:
Doyle v. Lucy
, No. 14-03-00039-CV, 2004 WL 612905, at *2 (Tex. App.—Houston [14th Dist.] Mar. 30, 2004, no pet.) (mem. op). 

28:
Moore v. Zeller
, 153 S.W.3d 262, 264 (Tex. App.—Beaumont, pet. denied).

29:
See, e.g.,
 
Lamotte
, 2005 WL 1
484029, at *2;
 Bishop
, 
131 S.W.3d at 574; 
Draughon, 
112 S.W.3d at 776.

30:
See, e.g.,
 Teague
, 2004 WL 626798, at *1-2
; 
Kelley
, 2003 WL 21229275, at *3.

31:
Ramirez
 
v. Dietz
, No. 07-04-00476-CV, 2005 WL 1866082, at *3 (Tex. App.—Amarillo Aug. 8, 2005, pet. denied).

32:
Smith v. TDJC–Institutional Div.
, 33 S.W.3d 338
, 
341 (Tex. App.—Texarkana
 
2000
, 
pet. denied).

33:
Draughon
, 112 S.W.3d at 776.

34:
Tex. R. App. P. 47.1.

35:
Teague
, 
2004 WL 626798, at *1-2.

36:
Id.

37:
Bishop
, 
131 S.W.3d at 574-75 (citing 
Birdo v. Schwartzer, 
883 S.W.2d 386, 388 (Tex. App.—Waco 1994, no writ).

38:
See, e.g., 
Draughon, 
112 S.W.3d at 776.