

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-328-CV

CURTIS R. FRANCIS                                                    APPELLANT

V.

DANNY HORTON                                                        APPELLEES
AND DEBORAH FORD

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Curtis R. Francis appeals the trial court's order granting the summary judgment motion of appellees Danny Horton and Deborah Ford. In

---

[1] *See* Tex. R. App. P. 47.4.

two related issues,[2] appellant asserts that the trial court erred by granting appellees' motion because the motion did not relate to the legal theories he had pled at the time it was filed.  We reverse and remand.

## Background Facts

This is the third appeal of this case to our court.  *See Francis v. TDCJ-CID*, No. 02-06-00352-CV, 2007 WL 2460270, at *1 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.); *Francis v. TDCJ-CID*, 188 S.W.3d 799, 800 (Tex. App.—Fort Worth 2006, no pet.).  Because the procedural history of this case is well detailed by our previous opinions, we will only briefly summarize the facts relevant to disposition of the issues in this appeal.

In October 2004, appellant, an inmate, filed a pro se petition against appellees and the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) alleging common law torts and violations of the Texas constitution and seeking relief through the Texas Tort Claims Act (TTCA).[3] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (Vernon 2005 & Supp. 2008).  The three defendants filed motions to dismiss under chapter fourteen

---

[2] Appellant contends that summary judgment was improper and that the trial court abused its discretion by denying his motion for new trial, which also concerned the propriety of the summary judgment.

[3] The claims brought through the TTCA in appellant's original petition concerned the conditions of his confinement, which he alleged were unsanitary.

2

of the civil practice and remedies code. *See id.* §§ 14.001–.014 (Vernon 2002). The trial court dismissed all of appellant's claims. On appeal, we reversed the trial court's dismissal order to the extent that it related to claims based on a September 27, 2004 prison grievance decision.[4] *Francis*, 188 S.W.3d at 805.

After remand, the three defendants filed separate motions for summary judgment. However, the motions did not address appellant's claims then pending under the Texas constitution. The trial court granted all three motions, and appellant again appealed. We affirmed the trial court's grant of summary judgment to TDCJ-CID in all respects, and we also affirmed the trial court's grant of summary judgment to appellees on appellant's federal civil rights claims, but we reversed the summary judgments in appellees' favor as they related to claims under the Texas constitution. *Francis*, 2007 WL 2460270, at *3–6.

Following the second remand, in September 2007, appellant amended his petition to add a negligence claim related to his alleged denial of access to court and to clarify that he sought only injunctive and declaratory relief on his claims under the Texas constitution. After filing other various documents, appellant

---

[4] That grievance decision related to an alleged denial of access to books from a law library.

3

filed a second amended petition in January 2008. That petition reasserted

claims against TDCJ-CID[5] and maintained claims against appellees. However,

while the petition continued to focus on appellant's alleged denial of access to

court (through deprivation of law books), it abandoned the theories previously

asserted under the Texas constitution and common law negligence. Instead,

it focused solely on claims of personal injuries caused by appellees' alleged

misuse of tangible personal property (the law books and a law book request

form), which appellant claimed waived immunity under the TTCA.[6] *See* Tex.

Civ. Prac. & Rem. Code Ann. § 101.021(2).

In March 2008, appellees filed another motion for summary judgment.

However, the motion addressed only appellant's prior claims under the Texas

---

[5] Nothing in the record indicates that appellant served TDCJ-CID with citation following his reassertion of claims against it after we affirmed summary judgment in its favor on all grounds. *See Scoggins v. Best Indus. Unif. Supply Co.*, 899 S.W.2d 276, 278 (Tex. App.—Houston [14th Dist.] 1995, no writ)*; Evans v. Hoag*, 711 S.W.2d 744, 746 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (concluding that to be brought back into a suit after dismissal, a party must be served again with citation).

[6] Appellant certified that he mailed the second amended petition to the correct address of the assistant attorney general who represented appellees at that time. While appellees' new attorney (who first appeared in February 2008 after appellant filed the second amended petition) claims that she never received the petition, appellant's certification is "prima facie evidence of the fact of service." Tex. R. Civ. P. 21a; *see Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

constitution; it did not address his newly pled claims.[7] In May 2008, the trial

court granted appellees' summary judgment motion and dismissed all claims

against appellees with prejudice.[8] After filing a motion for new trial, appellant

timely filed his notice of this appeal.

## The Summary Judgment Was Improper

A defendant who conclusively negates at least one essential element of

a cause of action is entitled to summary judgment on that claim. *IHS Cedars*

*Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex.

2004); *see* Tex. R. Civ. P. 166a(b), (c).

A trial court cannot grant summary judgment on grounds not presented

in the summary judgment motion; when the court does so, remand is proper.

*See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002);

*Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); *Francis*,

2007 WL 2460270, at *2. When a plaintiff amends its petition to assert new

legal theories, the defendant's motion for summary judgment must correspond

---

[7] Specifically, the motion stated that the "issue for consideration" was whether appellant could "maintain an action against [appellees] under . . . the Texas Constitution."

[8] Although appellant sued TDCJ-CID in his second amended petition and although the summary judgment concerned only appellees, the summary judgment is still a final, appealable order because nothing in the record indicates appellant's intention to obtain new service of citation on TDCJ-CID. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004).

5

to those new claims. *See Johnson v. Fuselier*, 83 S.W.3d 892, 898 (Tex. App.—Texarkana 2002, no pet.); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 749 (Tex. App.—Corpus Christi 2001), (indicating that the movant must tailor "the motion to negate the newly pled theories"), *pet. denied*, 92 S.W.3d 530 (Tex. 2002).

Appellees' summary judgment motion solely concerned claims under the Texas constitution; these claims had been abandoned by appellant at the time the motion was filed.[9] The trial court therefore erred by granting summary judgment on appellant's sole remaining personal injury claim brought through the alleged waiver of immunity by the TTCA. *See Johnson*, 73 S.W.3d at 204; *Jones*, 59 S.W.3d at 749. Thus, we sustain appellant's first issue challenging the propriety of the trial court's grant of summary judgment, and we therefore necessarily sustain appellant's second issue concerning the trial court's denial of his motion for new trial.

---

[9] Appellees' brief also concerns only the propriety of summary judgment under appellant's previously asserted Texas constitutional claims.

**Conclusion**

Having sustained appellant's issues, we reverse the trial court's summary judgment in favor of appellees, and we remand appellant's remaining claim for further proceedings.


PER CURIAM


PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 5, 2009