COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-328-CV

 

 

CURTIS R. FRANCIS                                                             APPELLANT

 

                                                   V.

 

 

DANNY HORTON                                                                  APPELLEES

AND DEBORAH FORD

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction








Appellant Curtis R. Francis appeals the trial
court=s order
granting the summary judgment motion of appellees Danny Horton and Deborah
Ford.  In two related issues,[2]
appellant asserts that the trial court erred by granting appellees= motion
because the motion did not relate to the legal theories he had pled at the time
it was filed.  We reverse and remand.

Background Facts

This is the third appeal of this case to our
court.  See Francis v. TDCJ‑CID,
No. 02‑06‑00352‑CV, 2007 WL 2460270, at *1 (Tex. App.CFort
Worth Aug. 31, 2007, no pet.) (mem. op.); Francis v. TDCJ‑CID, 188
S.W.3d 799, 800 (Tex. App.CFort
Worth 2006, no pet.).  Because the
procedural history of this case is well detailed by our previous opinions, we
will only briefly summarize the facts relevant to disposition of the issues in
this appeal.








In October 2004, appellant, an inmate, filed a
pro se petition against appellees and the Texas Department of Criminal
Justice-Correctional Institutions Division (TDCJ-CID) alleging common law torts
and violations of the Texas constitution and seeking relief through the Texas
Tort Claims Act (TTCA).[3]  See Tex. Civ. Prac. & Rem. Code
Ann. '' 101.001B.109
(Vernon 2005 & Supp. 2008).  The
three defendants filed motions to dismiss under chapter fourteen of the civil
practice and remedies code.  See id.
'' 14.001B.014
(Vernon 2002).  The trial court dismissed
all of appellant=s claims.  On appeal, we reversed the trial court=s
dismissal order to the extent that it related to claims based on a September
27, 2004 prison grievance decision.[4]  Francis, 188 S.W.3d at 805.

After remand, the three defendants filed separate
motions for summary judgment.  However,
the motions did not address appellant=s claims
then pending under the Texas constitution. 
The trial court granted all three motions, and appellant again
appealed.  We affirmed the trial court=s grant
of summary judgment to TDCJ-CID in all respects, and we also affirmed the trial
court=s grant
of summary judgment to appellees on appellant=s
federal civil rights claims, but we reversed the summary judgments in appellees= favor
as they related to claims under the Texas constitution.  Francis, 2007 WL 2460270, at *3B6.








Following the second remand, in September 2007,
appellant amended his petition to add a negligence claim related to his alleged
denial of access to court and to clarify that he sought only injunctive and
declaratory relief on his claims under the Texas constitution.  After filing other various documents,
appellant filed a second amended petition in January 2008.  That petition reasserted claims against
TDCJ-CID[5]
and maintained claims against appellees. 
However, while the petition continued to focus on appellant=s
alleged denial of access to court (through deprivation of law books), it
abandoned the theories previously asserted under the Texas constitution and
common law negligence.  Instead, it
focused solely on claims of personal injuries caused by appellees= alleged
misuse of tangible personal property (the law books and a law book request
form), which appellant claimed waived immunity under the TTCA.[6]  See Tex. Civ. Prac. & Rem. Code
Ann. ' 101.021(2).








In March 2008, appellees filed another motion for
summary judgment.  However, the motion
addressed only appellant=s prior claims under the Texas
constitution; it did not address his newly pled claims.[7]  In May 2008, the trial court granted appellees= summary
judgment motion and dismissed all claims against appellees with prejudice.[8]  After filing a motion for new trial,
appellant timely filed his notice of this appeal.

The Summary Judgment Was Improper

A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b), (c).








A trial court cannot grant summary judgment on
grounds not presented in the summary judgment motion; when the court does so,
remand is proper.  See Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 204 (Tex. 2002); Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997); Francis,
2007 WL 2460270, at *2.  When a plaintiff
amends its petition to assert new legal theories, the defendant=s motion
for summary judgment must correspond to those new claims.  See Johnson v. Fuselier, 83 S.W.3d
892, 898 (Tex. App.CTexarkana 2002, no pet.); Jones
v. Ray Ins. Agency, 59 S.W.3d 739, 749 (Tex. App.CCorpus
Christi 2001),  (indicating that the
movant must tailor @the motion to negate the newly
pled theories@), pet. denied, 92 S.W.3d
530 (Tex. 2002).

Appellees= summary
judgment motion solely concerned claims under the Texas constitution; these
claims had been abandoned by appellant at the time the motion was filed.[9]  The trial court therefore erred by granting
summary judgment on appellant=s sole
remaining personal injury claim brought through the alleged waiver of immunity
by the TTCA.  See Johnson, 73
S.W.3d at 204; Jones, 59 S.W.3d at 749. 
Thus, we sustain appellant=s first
issue challenging the propriety of the trial court=s grant
of summary judgment, and we therefore necessarily sustain appellant=s second
issue concerning the trial court=s denial
of his motion for new trial.








Conclusion

Having sustained appellant=s
issues, we reverse the trial court=s
summary judgment in favor of appellees, and we remand appellant=s
remaining claim for further proceedings.

 

                                           PER
CURIAM

 

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DELIVERED:  March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellant contends that
summary judgment was improper and that the trial court abused its discretion by
denying his motion for new trial, which also concerned the propriety of the
summary judgment.





[3]The claims brought
through the TTCA in appellant=s original petition concerned the conditions of
his confinement, which he alleged were unsanitary.





[4]That grievance decision
related to an alleged denial of access to books from a law library.





[5]Nothing in the record
indicates that appellant served TDCJ-CID with citation following his
reassertion of claims against it after we affirmed summary judgment in its
favor on all grounds.  See Scoggins v.
Best Indus. Unif. Supply Co., 899 S.W.2d 276, 278 (Tex. App.CHouston [14th Dist.]
1995, no writ); Evans v. Hoag, 711 S.W.2d 744, 746 (Tex. App.CHouston [14th Dist.]
1986, writ ref=d n.r.e.) (concluding
that to be brought back into a suit after dismissal, a party must be served
again with citation).





[6]Appellant certified that
he mailed the second amended petition to the correct address of the assistant
attorney general who represented appellees at that time.  While appellees= new attorney (who first
appeared in February 2008 after appellant filed the second amended petition)
claims that she never received the petition, appellant=s certification is Aprima facie evidence of
the fact of service.@  Tex. R. Civ. P. 21a; see Mathis v.
Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).





[7]Specifically, the motion
stated that the Aissue for consideration@ was whether appellant
could Amaintain an action
against [appellees] under . . . the Texas Constitution.@





[8]Although appellant sued
TDCJ-CID in his second amended petition and although the summary judgment
concerned only appellees, the summary judgment is still a final, appealable
order because nothing in the record indicates appellant=s intention to obtain new
service of citation on TDCJ-CID.  See
M.O. Dental Lab v. Rape, 139 S.W.3d 671, 674 (Tex. 2004).





[9]Appellees= brief also concerns only
the propriety of summary judgment under appellant=s previously asserted
Texas constitutional claims.