Opinion issued March 12, 2009 















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00561-CV

__________


WORLD ENVIRONMENTAL, L.L.C., Appellant


V.


WOLFPACK ENVIRONMENTAL, L.L.C., Appellee






On Appeal from the County Court at Law No. 2

Montgomery County, Texas

Trial Court Cause No. 07-10-10573






MEMORANDUM OPINION

 In this restricted appeal, appellant, World Environmental, L.L.C. ("World"),
challenges the trial court's default judgment entered in favor of appellee, Wolfpack
Environmental, L.L.C. ("Wolfpack"), in Wolfpack's suit against World for suit on
account, breach of contract, and quantum meruit. In two points of error, World
contends that it was not properly served with process and that the default judgment
rendered by the trial court is void and should be set aside. 

 We reverse and remand. 

Factual and Procedural Background

 In its petition, filed on October 17, 2007, Wolfpack alleged that it had entered
into a consulting agreement with World to provide consulting services and World
owed Wolfpack outstanding amounts of $8,235.55. Wolfpack asserted claims for suit
on account, breach of contract, and quantum meruit, and Wolfpack also sought
recovery of attorney's fees. 

 On December 31, 2007, Wolfpack filed a motion for no-answer default
judgment, in which Wolfpack alleged that, on November 16, 2007, it had served
World with citation and a copy of its petition by personal service to World's
principal, Charles E. Hall, "through his assistant," at 230 Spring Hill Drive, Suite
340, Spring, Texas 77386. Wolfpack further alleged that citation and proof of service
had been on file with the court clerk for at least ten days, World's deadline to answer
the lawsuit had passed on December 10, 2007, and World's last known address (as
set forth in the attached certificate of last known address) was 230 Spring Hills Drive,
Suite 340, Spring, Texas 77386. Wolfpack sought a default judgment on its claims
for suit on account and breach of contract in the amount of $8,235.55. Wolfpack also
attached an affidavit in support of its request for attorney's fees. 

 On December 28, 2007, the trial court granted Wolfpack's motion for default
judgment and awarded Wolfpack the amounts requested plus attorney's fees. World
filed a restricted appeal on June 18, 2008. 

Restricted Appeal 

 In two points of error, World argues that the trial court erred in entering a
default judgment against World because it was not properly served with process. 
World, thus, contends that the default judgment is void and should be set aside. 
World asserts that the record does not contain a return showing service of citation. 
It specifically argues that any alleged service was defective because, even as stated
in Wolfpack's motion for default judgment, Wolfpack did not personally serve
World's principal or manager Hall with process, but instead served Hall's personal
assistant. World further argues that because it was not properly served with process,
the trial court never obtained personal jurisdiction over it and the default judgment
should be set aside.

 To attack a judgment by a restricted appeal, the appeal must be filed (1) within
six months after the trial court signs the judgment; (2) by a party to the suit; (3) who,
either in person or through counsel, did not participate at trial; and (4) the error must
be apparent from the face of the record. Tex. R. App. P. 26.1(c), 30; Alexander v.
Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Norman Commc'ns v. Tex.
Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); Barry v. Barry, 193
S.W.3d 72, 74 (Tex. App.--Houston [1st Dist.] 2006, no pet.). The only issue in this
appeal is whether there is error apparent on the face of the record. The face of the
record consists of all the papers on file in the appeal, including any reporter's record. 
Osteen v. Osteen, 38 S.W.3d 809, 813 (Tex. App.--Houston [14th Dist.] 2001, no
pet.). 

 A default judgment cannot stand unless the record shows strict compliance
with the rules of civil procedure governing issuance, service, and return of citation.
See Hubicki v. Festina, 226 S.W.3d 405, 407 (Tex. 2007); Uvalde Country Club v.
Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). Proper citation and
return of service are required to establish personal jurisdiction over a defendant. TAC
Americas, Inc. v. Boothe, 94 S.W.3d 315, 318-19 (Tex. App.--Austin 2002, no pet.).
There are no presumptions in favor of valid issuance, service, and return of citation
in the face of a restricted appeal of a default judgment. Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994); Lytle v. Cunningham, 261 S.W.3d 837, 840
(Tex. App.--Dallas 2008, no pet.). Defective service is considered error on the face
of the record. Scoggins, III v. Best Indus. Unif. Supp. Co., 899 S.W.2d 276, 278 (Tex.
App.--Houston [14th Dist.] 1995, no writ).

 Here, although the parties primarily dispute whether service on Hall's personal
assistant constituted effective service on World, the record does not even contain a
copy of the return of service executed on Hall's personal assistant. Wolfpack's
motion for default judgment references a citation and proof of service on Hall's
personal assistant, but the alleged citation and proof of service were not attached to
the motion, and they do not appear anywhere else in the record. In an apparent effort
to cure the record deficiencies, Wolfpack attaches to its appellee's brief a copy of
what it alleges to be a copy of the "officer's return" of service on Hall's personal
assistant, who Wolfpack never even identifies by name. However, documents that
appear solely in the appendix of a brief are not part of the record and are generally not
considered on appeal. See Till v. Thomas, 10 S.W.3d 730, 733-34 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). 

 Moreover, even if we were to consider the document attached to Wolfpack's
brief, the document is not, as represented by Wolfpack, a copy of the officer's return
of citation on Hall's personal assistant. Rather, it is merely a copy of the citation
issued by the district clerk, and it is directed to World, "by serving its principal
Charles E. Hall." There is no mention of Hall's personal assistant in the citation. 
More significantly, the citation is not a return, and nothing else in the record supports
a finding that World was served with the citation. The citation provides absolutely
no evidence that Wolfpack, Charles Hall, or even Charles Hall's personal assistant,
was ever served in this lawsuit. 

 Finally, we note that article 2.08A of the Texas Limited Liability Company Act
provides that "[t]he managers, if any, and the registered agent shall be agents of a
limited liability company or foreign limited liability company upon whom any
process, notice, or demand required or permitted by law to be served upon the limited
liability company or foreign limited liability company may be served." Tex. Rev.
Civ. Stat. Ann. art. 1528n, 2.08A (Vernon Supp. 2008). The article does not
provide for effective service of a limited liability company by serving a manager or
registered agent's personal assistant. There is also no allegation in the record that
service upon the personal assistant of Charles Hall, for which there is no record
support, was effective because the personal assistant was also a manager or registered
agent for World. Thus, even if we reached the issue, we would conclude that service
upon Hall's unidentified personal assistant, as alleged by Wolfpack, did not constitute
effective service on World. See id. 

 In sum, the record does not contain any evidence that World was served in the
underlying suit. Accordingly, the default judgment must be reversed. (1)

 We sustain World's first and second points of error. 

Conclusion

 We reverse the default judgment and remand for further proceedings. 



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

1. Wolfpack also argues that service was proper under section 17.021 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 17.021
(Vernon Supp. 2008). Because the record contains no proof of service, we need not
directly consider this argument. However, we do note that section 17.021 expressly
applies to actions against individuals, partnerships, or unincorporated associations.
See id. Wolfpack has not cited any authority or provided any explanation as to how
section 17.021 has any application to a limited liability company.