MEMORANDUM OPINION

 

 

No. 04-09-00031-CV

 

Victor L. BROWN,

Appellant

 

v.

 

Sgt. Robert BLUHM,
et al.,

Appellees

 

From the 81st Judicial
District Court, Karnes County, Texas

Trial Court No. 07-03-00046-CVK

Honorable Ron Carr,
Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Rebecca Simmons,
Justice

                        Steven
C. Hilbig, Justice

                        Marialyn
Barnard, Justice

 

Delivered and
Filed:   July 22, 2009

 

AFFIRMED AS MODIFIED

 

Appellant
Victor L. Brown appeals the dismissal of his suit against the Institutional
Division of the Texas Department of Criminal Justice and other defendants. 
Because Brown’s suit failed to comply with the statutory requirements for
inmate litigation, we affirm the judgment of the trial court as modified.  See
Tex. R. App. P. 43.2(b).  

 

 

Background

Brown
is an inmate in the Institutional Division of the Texas Department of Criminal
Justice (TDCJ-ID).  Based on events including, and stemming from, an alleged
assault on November 6, 2006, Brown filed a Step 1 Offender Grievance Form.[1]  Dissatisfied with the Step 1
response from TDCJ-ID, Brown filed a Step 2 Offender Grievance Form. 
Kelli Ward signed the Step 2 response on February 7, 2007; the Step 2
form’s “Extension Date” is shown as March 14, 2007.  On March 29, 2007, Brown
filed suit against TDCJ-ID, Lieutenant Robert Bluhm, and several other TDCJ-ID
personnel (collectively TDCJ).  In his pro se original petition, Brown filed an
application to proceed in forma pauperis.  In response, TDCJ filed a motion to
dismiss Brown’s suit for, inter alia, failure to provide an affidavit or
declaration describing his previous suits.  In its order dated October 24, 2008,
the trial court, without holding a hearing, found Brown’s petition to be
frivolous and “dismissed with prejudice” all of Brown’s claims against TDCJ.  Brown
appeals (1) the dismissal of his suit with prejudice, and (2) the dismissal of
his suit without an opportunity to remedy any defects in his pleadings.  

Standard of Review

We
review a dismissal of an inmate’s suit for failure to comply with the
requirements of chapter 14 of the Texas Civil Practice and Remedies Code for an
abuse of discretion.  Retzlaff v. Tex. Dep’t of Criminal Justice, 94
S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)).  

 

 

Procedures Controlling Inmate Suits

The
Texas Legislature created special procedures controlling inmate suits for those
inmates who declare they are unable to pay the costs of their suit.  See Clark
v. Unit, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied) (citing Bell v. Tex. Dep’t of Criminal Justice–Institutional Div.,
962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).  When
an inmate, appearing pro se and in forma pauperis, brings a suit in a district
court on an action not under the Family Code, the “trial court has broad
discretion to dismiss [the] inmate’s suit if the court finds the claim is frivolous.” 
Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.]
2001, no pet.); accord Retzlaff, 94 S.W.3d at 653.  The suit may be
frivolous if, inter alia, “the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same
operative facts.”  Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(b)(4) (Vernon 2002); accord Obadele,
60 S.W.3d at 348; Bell, 962 S.W.2d at 158.  

Required Affidavits

Section
14.004 requires inmates to file a detailed affidavit or declaration describing
previous suits.  See Tex. Civ.
Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).  The trial court
may dismiss a suit if the inmate fails to provide a compliant affidavit.  Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (placing
the burden on the inmate to provide the required information); see Clark,
23 S.W.3d at 421–22.  To establish the inmate’s exhaustion of his
administrative remedies, the inmate must also submit an affidavit stating when
he received the written response to his Step 2 grievance.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(a)(1) (Vernon 2002); Crain, 97 S.W.3d at 870.  The trial
court must dismiss the inmate’s claim if it is not timely filed.  Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(b) (Vernon 2002) (instructing the trial court to dismiss a claim not
filed “before the 31st day after the date the inmate receives the written
decision from the grievance system”); Warner v. Glass, 135 S.W.3d 681,
683 (Tex. 2004).  “‘[I]t is incumbent on the inmate to provide the required
information [under section 14.005] before it comes to the trial court for
review.’”  Francis v. TDCJ-CID, 188 S.W.3d 799, 804 (Tex. App.—Fort
Worth 2006, no pet.) (quoting Smith v. Tex. Dep’t of Criminal
Justice–Institutional Div., 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000,
pet. denied)). 

To
avoid the dismissal of his claims under section 14.004, Brown had to file an
affidavit or declaration describing his previous suits.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.004 (Vernon 2002); Thompson, 99 S.W.3d at 330; Clark,
23 S.W.3d at 422.  Brown’s original petition did not include any such affidavit
or declaration.  In Brown’s response to TDCJ’s motion to dismiss, Brown
admitted he failed to provide the required affidavit because: (1) of his
“[i]gnorance of the requirement,” and (2) he “[could] not remember all of the
details” of his previous suits.  Later, Brown submitted another pleading but
again did not include a compliant affidavit.  Because the appellate record does
not show that Brown filed an affidavit or declaration properly “describing each
suit that [he] previously brought,” we cannot say the trial court abused its
discretion in dismissing Brown’s suit.  See Clark, 23 S.W.3d at 422. 

In
addition, under section 14.005, the trial court was required to dismiss Brown’s
claims if he did not file suit before the thirty-first day after he received
the Step 2 response.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002); Warner,
135 S.W.3d at 683.  The State argues that it was “impossible for [Brown] to
have [timely] filed his claim,” but does not show when Brown received the
Step 2 response.[2] 
Nevertheless, Brown had the burden to show when he received the response, but
failed to do so.  See Garrett v. Nunn, 275 S.W.3d 604, 607 (Tex. App.— Amarillo
2008, no pet.); Francis, 188 S.W.3d at 804.  Thus, the trial court did
not abuse its discretion in dismissing Brown’s suit for failing to comply with
section 14.005.  See Garrett, 275 S.W.3d at 607; Francis, 188
S.W.3d at 804.

Dismissal with Prejudice

Brown
complains that the trial court improperly dismissed his suit with prejudice
because he could have amended his pleadings and corrected the defects.  As
previously shown, the trial court could have dismissed Brown’s suit based on
the section 14.004 requirement of an affidavit of previous filings and section
14.005 requirement of an affidavit establishing the timeliness of suit.  The
issue is whether a dismissal under these sections should be with prejudice. 

The
dismissal of Brown’s suit with prejudice bars future suits for the same cause
of action.  See Garrett v. Williams, 250 S.W.3d 154, 160 (Tex. App.—Fort
Worth 2008, no pet.); Hickman v. Adams, 35 S.W.3d 120, 124 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  But a dismissal for a defective
affidavit under section 14.004 that could be cured should not be with
prejudice.  See Peña v. McDowell, 201 S.W.3d 665, 666 (Tex. 2006)
(per curiam); Hickman, 35 S.W.3d at 124 (“[A] dismissal for failure to
comply with the conditions in section 14.004 is not a dismissal on the merits,
but rather an exercise of the trial court’s discretion under [C]hapter 14.”). 
The suit should be dismissed without prejudice if the affidavit of previous
filings could be corrected by an amended pleading.  See Peña, 201 S.W.3d
at 666; Hickman, 35 S.W.3d at 124.  Accordingly, under section 14.004,
the dismissal of Brown’s suit should have been without prejudice.  We now turn
to the appropriate disposition of a case where no affidavit of timeliness is
presented.

Generally,
where the record clearly shows an inmate did not timely file suit after
receiving the Step 2 written decision, the court may dismiss the claim with
prejudice.  See Mason v. Wood, 282 S.W.3d 189, 193 (Tex. App.—Beaumont
2009, no pet.); Leachman v. Dretke, 261 S.W.3d 297, 312 (Tex. App.—Fort
Worth 2008, no pet.); cf. Moreland v. Johnson, 95 S.W.3d 392, 395 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (“A suit that is not timely filed pursuant
to section 14.005(b) is barred and may be dismissed with prejudice.”).  But
where a pleading may be corrected by amendment, the suit should be dismissed
without prejudice.  See Mason, 282 S.W.3d at 193 (rejecting a dismissal
with prejudice because the record did not establish the inmate failed to meet
section 14.005’s filing deadline).  Thus, where the record does not clearly
show the date Brown received the Step 2 response, a dismissal for his
failure to show he timely filed his suit should have been without prejudice.  See
id.; Decker v. Dunbar, 200 S.W.3d 807, 813 (Tex. App.—Texarkana
2006, pet. denied).  

We
hold the trial court abused its discretion by dismissing Brown’s suit with
prejudice. We, therefore, modify the judgment to delete the words “with
prejudice” and substitute the words “without prejudice.”  See Tex. R. App. P. 43.2(b).  

Opportunity to Amend

Brown
also asserts the trial court abused its discretion by denying him an
opportunity to amend his pleadings to correct any defects.  But the record does
not show that Brown submitted a timely request, objection, or motion to the
trial court seeking leave to amend his pleadings.  Thus, Brown failed to
preserve his complaint for appeal.  See Tex. R. App. P. 33.1(a); Jabari v. State, 273 S.W.3d
745, 755 (Tex. App.—Houston [1st Dist.] 2008, no pet.); Wilson v. TDCJ-ID,
268 S.W.3d 756, 762 (Tex. App.—Waco 2008, no pet.).  We overrule Brown’s second
issue on appeal.  

Conclusion

Having
overruled both of Brown’s issues, we modify the judgment to delete the words
“with prejudice,” substitute the words “without prejudice,” and affirm the
judgment as modified.

 

Rebecca Simmons, Justice

 








 









[1] An inmate uses a Step 1 Offender
Grievance Form to state a grievance against, and request a remedy from, an
Institutional Division Unit.  If the inmate is dissatisfied with the
Step 1 response from the Unit, the inmate may submit a Step 2 form to
the Unit Grievance Investigator.  The Step 2 grievance response is the
written decision from the highest authority in the grievance system.  See
Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi 2003, pet.
denied).  See generally Tex.
Gov’t Code Ann. § 501.008 (Vernon 2004) (Inmate Grievance System).





[2] Brown filed his suit on March 29,
2007, but did not provide an affidavit or declaration stating when he received
the Step 2 response.  The Step 2 form’s “Extension Date” was March
14, 2007, but Kelli Ward signed the form on February 7, 2007.  From the record,
we cannot determine whether Brown filed his suit before the thirty-first day
after he received the Step 2 response.