Affirmed and Memorandum Opinion
filed January 20, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00317-CV



Timothy DeWayne
Offord, Appellant 

v.

SenioR Warden Paul
Morales, THOMAS HINKLE, kIMBERLY NUNEZ, AND dARREN WALLACE, Appellees 



On Appeal from
the 81st District Court

Karnes County, Texas

Trial Court
Cause No. 08-12-00191-CVK



 

MEMORANDUM OPINION

Appellant, Timothy Dewayne Offord, appeals the
dismissal of his suit against appellees, Senior Warden Paul Morales, Thomas
Hinkle, Kimberly Nunez, and Darren Wallace, as frivolous pursuant to Chapter 14
of the Texas Civil Practice and Remedies Code.[1] 
We affirm.

Appellant, who is incarcerated in the Texas
Department of Criminal Justice, Institutional Division (TDCJ), alleged that Thomas
Hinkle, a TDCJ employee, confiscated his wedding rings without giving appellant
the opportunity to show ownership of the rings.  After failing to recover
possession of the rings through the prison grievance process, Offord sued
appellees complaining that his rings were wrongfully confiscated.  Appellees
filed motions to dismiss appellant’s suit for failure to comply with the
procedural requirements of Chapter 14 and because appellant’s claims have no arguable
basis in law or fact.  After a hearing on appellees’ motions to dismiss, the
trial court granted appellees’ Chapter 14 motions and ordered appellant’s
claims dismissed as frivolous.  

Chapter 14 governs suits brought by inmates who file
an affidavit or unsworn declaration of inability to pay costs.  Francis v.
TDCJ-CID, 188 S.W.3d 799, 801 (Tex. App.—Fort Worth 2006, no pet.); Hickman
v. Adams, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no
pet.).  A trial court may dismiss an inmate’s claim if it finds the claim to be
frivolous or malicious.  Tex. Prac.
& Rem. Code Ann. § 14.003(a)(2).  A trial court has broad
discretion to dismiss an inmate’s suit as frivolous.  Nabalek v. Dist.
Attorney of Harris Cnty., 290 S.W.3d 222, 228 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied).  

A prison inmate who files suit in Texas state court
pro se and seeks to proceed in forma pauperis must comply with the procedural
requirements set forth in Chapter 14.  Brewer v. Simental, 268 S.W.3d
763, 767 (Tex. App.—Waco 2008, no pet.).  Failure to satisfy those procedural
requirements will result in the dismissal of an inmate’s suit.  Id.  

With respect to the Chapter 14 procedural
requirements, appellees argued in their motion to dismiss that appellant failed
to file (1) an affidavit of previous filings[2]
(2) an affidavit stating the date his grievance was filed and the date he
received the written decision[3]
and (3) a certified copy of his inmate’s trust account statement, reflecting
the balance of the account at the time the claim was filed and all activity in
the account during the six months preceding the date on which the claim is
filed.[4] 
On appeal, however, appellant only challenges the ground that he did not file a
certified copy of his inmate trust account statement.  Appellant does not
mention either the affidavit of previous filings or the affidavit stating the
date his grievance was filed and the date he received the written decision or
that he complied with requirement to file such affidavits.  

A pro se litigant must comply with all applicable
laws and rules of procedure.  Pena v. McDowell, 201 S.W.3d 665, 667
(Tex. 2006) (per curiam); Mansfield State Bank v. Cohn, 573 S.W.2d 181,
184–85 (Tex. 1978).  As a pro se litigant, appellant is required to properly
present his case on appeal, just as he is required to properly present his case
to the trial court.  See Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex.
App.—El Paso 2007, no pet.).  When a trial court’s judgment rests upon more
than one independent ground, the aggrieved party must assign error to each
ground, or the judgment will be affirmed on the ground to which no complaint is
made.  Williamson v. State Farm Lloyds, 76 S.W.2d 64, 67 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).  

Because appellant does not complain on appeal of the
trial court’s dismissal of his suit based on his failure to file those
affidavits, he cannot establish reversible error with regard to the trial
court’s dismissal order.  See Amir-Sharif v. Mason, 243 S.W.3d 854, 858
(Tex. App.—Dallas 2008, no pet.) (citing Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970)) (affirming Chapter 14 dismissal where
appellant did not challenge one of trial court’s stated grounds for dismissal).[5]  

Accordingly, we affirm the judgment of the trial
court.  

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

 









[1]
See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001–.014 (West 2002).  





[2]
See Tex. Civ. Prac. & Rem.
Code Ann. § 14.004(a)(1) (requiring inmate to file affidavit or unsworn
declaration indentifying each suit other than suit under Family Code,
previously brought by person and in which person was not represented by
attorney, without regard to whether person was inmate at time suit was
brought).  





[3]
See Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(a)(1) (requiring inmate who filed claim subject to
grievance system to file affidavit or unsworn declaration stating date
grievance was filed and date written decision was received by inmate).  





[4]
See Tex. Civ. Prac. & Rem.
Code Ann. § 14.004(c) (requiring that affidavit or unsworn declaration
of inability to pay costs be accompanied by certified copy of trust account
statement required by section 14.006(f)); id. § 14.006(f) (requiring
inmate to file certified copy of inmate’s trust account statement with court,
reflecting balance of account at time claim is filed and activity in account
during six months preceding date on which claim is filed). 





[5]
In light of our disposition, we need not address other arguments raised in
appellant’s brief.